[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 17, 2010
JOHN LEY
CLERK

_____

No. 10-11317
Non-Argument Calendar

_____

D.C. Docket No. 3:09-cr-00109-LC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IVAN DAVID JIMENEZ-RODRIGUEZ,
a.k.a. Hector Juarez-Gonzalez,
a.k.a. Ivan David Rodriguez-Jimenez,
a.k.a. Hector Juares-Gonzales,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 17, 2010)

Before EDMONDSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Ivan Jimenez-Rodriguez appeals his 24-month sentence for illegal reentry of a previously deported alien, in violation of 8 U.S.C. § 1326 and 6 U.S.C. §§ 202, 557. He argues that the district court erred in finding that his prior guilty plea and deferred judgment in a forgery case in Iowa state court constituted a previous "conviction for any other felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(D). The government responds that any such error in Jimenez-Rodriguez's offense-level calculation was harmless.

I.

Jimenez-Rodriguez was apprehended by immigration officials and removed to Mexico on two occasions in 2001. In August 2001, during his second period of illegal presence in the United States, he pled guilty to a forgery charge in Iowa state court. In light of his then-pending second deportation, the Iowa court deferred judgment, imposed a suspended fine and unsupervised probation, and warned him not to reenter the country without permission. Nevertheless, Jimenez-Rodriguez was apprehended within the U.S. twice more in 2002 and was again removed to Mexico. He entered the country for the fifth and final time in 2003.

Jimenez-Rodriguez was arrested in 2009 and pled guilty to the instant charge of illegal reentry. In calculating his offense level, the probation office determined that the Iowa guilty plea subjected him to a four-level enhancement for having previously been removed after incurring a "conviction for any other felony," pursuant to § 2L1.2(b)(1)(D).

At the sentencing hearing, the court heard argument as to whether the Iowa case met the definition of a "conviction" for purposes of the enhancement. Jimenez-Rodriguez argued that, absent the imposition of some form of punishment or restraint on liberty, a deferred judgment does not meet the definition of a "conviction" for purposes of the mandatory minimum sentence, 8 U.S.C. §§ 1326, 1101(a)(48), and the guideline enhancement should be interpreted consistently with the statutory penalties. He took the position that his unsupervised probation and suspended fine did not meet that standard.

The district court found that "the plea of guilty and 'a' sentence is sufficient" to constitute a conviction for purposes of § 2L1.2(b)(1)(D). The court then heard argument from both parties on the 18 U.S.C. § 3553(a) factors and found that, because of the aggravating factor of Jimenez-Rodriguez's four

3

previous illegal entries, the sentence it imposed would be the same regardless of its ruling on the four-level enhancement. The court sentenced him to 24 months' imprisonment, noting in particular the need to deter others from similar criminal conduct.

## II.

A district court must begin the sentencing process by correctly calculating the applicable guideline range. *Gall v. United States*, 552 U.S. 38, 49, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007). Likewise, we review the reasonableness of a sentence in part by "ensur[ing] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Id.* at 51, 128 S.Ct. at 597. We review the interpretation and application of the Guidelines *de novo* and the underlying factual findings for clear error. *United States v. Foley*, 508 F.3d 627, 632 (11th Cir. 2007).

If the district court errs in applying the Guidelines, we must nevertheless ignore the errors if they were harmless. *Id.* at 634 (citing *United States v. Mathenia*, 409 F.3d 1289, 1291-92 (11th Cir. 2005)). "[R]emand is required only

if the sentence was imposed *as a result of* an incorrect application of the Guidelines." *Williams v. United States*, 503 U.S. 193, 202-03, 112 S.Ct. 1112, 1120, 117 L.Ed.2d 341 (1992). "[A] court of appeals must decide whether the district court would have imposed the same sentence had it not relied upon the invalid factor or factors." *Id.* at 203, 112 S.Ct. at 1120. "If the party defending the sentence persuades the court of appeals that the district court would have imposed the same sentence absent the erroneous factor, then a remand is not required . . . and the court of appeals may affirm the sentence as long as it is also satisfied that the [sentence] is reasonable . . . ." *Id.*, 112 S.Ct. at 1121. In deciding whether the sentence is reasonable, "we must assume that there was a [G]uidelines error—that the [G]uidelines issue should have been decided in the way the defendant argued and the advisory range reduced accordingly—and then ask whether the final sentence resulting from consideration of the § 3553(a) factors would still be reasonable." *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006).

Jimenez-Rodriguez's offense of conviction, 8 U.S.C. § 1326, ordinarily carries a statutory maximum penalty of 24 months. § 1326(a). That penalty is increased if the defendant had previously been convicted of a felony. § 1326(b)(1). For purposes of this statute, a "conviction" is

a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where –

(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and

(ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A).

Similarly, U.S.S.G. § 2L1.2(b)(1)(D) applies a four-level enhancement if the defendant previously was deported after "a conviction for any other felony." Yet, while the Application Notes define the term "felony" and they specify that an "aggravated felony" should be given the meaning of that term in § 1101(a)(43), *see* U.S.S.G. § 2L1.2, comment. (nn.2, 3(A)), they do not define "conviction" or

6

indicate whether that term should be defined as in § 1101(a)(48).

Here, we need not resolve whether the statutory definition of "conviction" should be applied to the § 2L1.2(b)(1)(D) enhancement, because the government is correct that any error in this regard was harmless. If the court had not applied the enhancement, Jimenez-Rodriguez would have had an offense level of 8 and a sentencing range of 10-16 months. Thus, his 24-month sentence would have constituted an 8-month upward variance. In imposing his sentence, the district court discussed the § 3553(a) factors, stated that the sentence would have been the same regardless of the contested enhancement, and clearly identified the aggravating factor of his four previous illegal entries as the primary reason that the Guideline issue did not affect its decision. An eight-month variance was not unreasonable under the circumstances, and, thus, remand is not required. *See Williams*, 503 U.S. at 202-03, 112 S.Ct. at 1120-21; *Keene*, 470 F.3d at 1349.

Accordingly, we affirm Jimenez-Rodriguez's sentence.

**AFFIRMED.**